UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN M. DAYTON, | No. CV-12-0127-CI |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 19, 24. Attorney D. James Tree represents Susan Dayton (Plaintiff); Special Assistant United States Attorney Jeffrey McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on January 26, 2007, alleging disability due to bipolar disorder, schizoaffective disorder, and post-traumatic stress

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

disorder (PTSD) with an onset date of January 31, 2001. Tr. 177, 193. Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on August 10, 2009, and a supplemental hearing was held on January 11, 2010. Tr. 30. Plaintiff, who was represented by counsel, and vocation expert Daniel McKinney (VE) appeared and testified at the August 10 hearing. Medical expert Donna M. Veraldi, Ph.D., and vocational expert Thomas Polsin testified at the January 11 hearing. Tr. 30. The ALJ denied benefits on February 12, 2010, and the Appeals Council denied review. Tr. 1-6, 30-39. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

At the time of the hearing, Plaintiff was 37 years old, unmarried, and living with her boyfriend. Plaintiff had two teenage children who were not living with her. Tr. 84. She has a high school education and past work experience as an automobile detailer, a lubrication servicer, a door assembler, a janitorial commercial cleaner, and a yard worker. Tr. 86-87. Plaintiff reports a traumatic childhood, adolescence, and young adulthood characterized by violence, instability, illegal activities, and drug abuse. She has an extensive criminal history with multiple incarcerations for theft and drug-related crimes. Tr. 79-81, 367. She has received inpatient and outpatient drug addiction treatment over the years. At the time of the hearing, Plaintiff reported she could not work because she becomes overwhelmed easily and she could not work at jobs that require physical exertion due to problems with her back

and a hernia that make it difficult for her to sit or stand for any length of time. Tr. 83, 84.

## ADMINISTRATIVE DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of January 11, 2007. Tr. 30, 55-56. At step two, he found Plaintiff has the severe impairment of bipolar disorder, schizoaffective disorder, post-traumatic stress disorder (PTSD), and personality disorder (borderline or antisocial). Tr. 32. He found evidence of Plaintiff's history of poly-substance abuse, degenerative disc disease, obesity, thyroid disorder, gastroesophageal reflux disease and hepatitis C did not establish more than minimal vocational limitations; therefore these impairments are non-severe. Tr. 33-34. At step three, the ALJ found Plaintiff's impairments, alone and in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). At step four, he determined Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following nonexertional limitations: "The claimant cannot perform assembly-line work, should work away from the general public, and is limited to incidental contact with coworkers." Tr. 35.

In step four findings, the ALJ summarized Plaintiff's testimony, discussed medical opinions in the record, made credibility findings, and concluded Plaintiff's statements regarding the severity of her symptoms were not credible to the extent they were inconsistent with the RFC findings. Tr. 37-38. Based on VE

testimony and the record, the ALJ concluded Plaintiff could perform her past work as an automobile detailer, a lubrication servicer, a commercial janitor and a yard worker. Tr. 39. The ALJ determined Plaintiff was not disabled, as defined by the Social Security Act, from January 11, 2007, the date Plaintiff's SSI application was filed. *Id*.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**ISSUES**

The question is whether the ALJ's decision is supported by

substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) improperly rejected opinions from Plaintiff's medical providers; (2) improperly rejected Plaintiff's subjective complaints; (3) failed to fully develop the record; and (4) erroneously relied on vocational expert testimony that Plaintiff could still perform her past work. ECF No. 20 at 10. Defendant responds the ALJ's decision is supported by substantial evidence and free of harmful legal error. ECF No. 25.

**DISCUSSION**

**A.   Credibility**

Plaintiff contends the ALJ's vague assertions that her subjective complaints were not credible are legally insufficient. Specifically, she argues her ability to carry on daily activities and reports that she was cooperative during medical examinations are not enough to discredit her allegations of disabling impairments. ECF No. 20 at 16-17. However, even assuming these reasons are not legally sufficient, review shows the ALJ provided additional reasons that meet the Commissioner's burden to articulate "clear and convincing" reasons for discounting a claimant's subjective complaints where there is no affirmative evidence of malingering. If there is evidence of malingering, subjective complaints may be rejected with specific, cogent reasons. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness;

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms; an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair v. Bowen*, 885 F.2d at 597 n.5 (ordinary techniques of credibility evaluation may be applied).

Here, the ALJ summarized Plaintiff's testimony that she is limited in her ability to work because her mental impairments make it difficult for her to concentrate, remember instructions, or handle much responsibility because she is easily overwhelmed. Although the ALJ made the general finding that these symptoms were not entirely credible, he did not reject totally Plaintiff's statements. Rather, he gave specific, "clear and convincing" reasons for discounting Plaintiff's self-reported limitations and symptoms and concluded she was able to perform work consistent with her residual functional capacity. *Id.; see SSR* 96-7p. Tr. 36-37.

The ALJ's reasoning is specific, clear and convincing, and supported by the record. For example, the ALJ found that although Plaintiff claimed an inability to handle much responsibility, the record shows she was observed as cooperative, appropriately groomed, and capable of responding to mental status examination and objective testing. This evidence, as well as evidence of her daily activities, is relevant to her credibility because it confirms that during the claimed period of disability, she demonstrated an ability

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

to function in a social setting and attend to daily hygiene/self care requirements. The ALJ also found her report of hallucinations and mental disorders were inconsistent with clinical findings of no observable signs of hallucinations, delusion, or thought disorders. Tr. 36.

The record shows mental health providers consistently noted she was not exhibiting the extreme symptoms claimed. *See, e.g.,* Tr. 261-62, 339, 458. The ALJ also referenced evidence of neuropsychological testing results showing no memory or cognitive impairments and professionals' observations that she was able to complete testing within average time. Tr. 36; *see also* Tr. 748 (new evidence). The referenced objective evidence is inconsistent with her self-reported severe limitations with memory and concentration.

Finally, the ALJ referenced other evidence that Plaintiff's self-reported limitations were inconsistent with her presentation; her medications were effective in controlling her severe symptoms; she had reported feeling well enough to volunteer or seek employment; and she was reporting feeling well and stable in recent counseling sessions. *Id*. Significantly, the ALJ reasoned that Plaintiff's history of criminal behavior (including incarceration for selling drugs) and drug abuse eroded her credibility.[1] Tr. 36-

---

[1] New evidence submitted to the Appeals Council by Plaintiff after the ALJ's decision was rendered shows that Plaintiff self-reported drug use (methamphetamine, cocaine, marijuana) to her counselor in 2009 (mushrooms), 2010 (cocaine) and 2011 (methamphetamine). Tr. 747. This self-report is inconsistent with her statements at the hearing that she had been drug free since

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

37. These findings reflect "clear and convincing" reasons for discounting a claimant's subjective complaints. *Lester,* 81 F.3d at 834; *see also Taylor v. Commissioner of Social Sec. Admin.,* 659 F.3d 1228, 1234 (9th Cir. 2011); *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007); *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant's inconsistencies and lack of candor about substance abuse support adverse credibility finding); *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989).

Contrary to Plaintiff's contention that the ALJ was "vague," the ALJ's credibility findings are sufficiently detailed for review and contain specific citations to supporting evidence in the record. The ALJ's credibility findings are supported by substantial evidence, "clear and convincing," and without legal error.

**B.  Evaluation of Medical Opinions**

Plaintiff next argues the ALJ erred by improperly rejecting opinions from mental health provider Janet Roberson, M.Ed., and examining psychologists James Goodwin, Psy.D., and Thomas Rowe, Ph.D.  ECF No. 20 at 12-16.  The record shows Ms. Roberson was Plaintiff's treating mental health therapist beginning in 2007. *See* Tr. 546-87, 759.   Drs. Goodwin and Rowe examined Plaintiff on

---

2005.  Tr. 81.  The new evidence supports the ALJ's adverse credibility findings.  In addition, in 2011, examining psychiatrist J. A. Janssen, M.D., noted no observable psychological distress, in tact concentration and attention, and "pleasant and animated" presentation. He found "no active symptoms of psychosis." Tr. 748-5.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

several occasions between 1998 and 2007. Tr. 299, 479, 646, All three providers assessed Plaintiff with marked and severe functional limitations over the years. Plaintiff contends the ALJ did not give valid reasons for disregarding these "marked" and "severe" limitations when assessing her final RFC and they should be credited as a matter of law. ECF No. 20 at 15-16. Plaintiff's argument is not persuasive.

Although the ALJ discussed these opinions and gave them little weight in his final RFC, he did not totally disregard the severity assessed. His final RFC reflects social functioning limitations that restrict her ability to perform significant non-exertional tasks: she cannot perform assembly-line work; she cannot work with the general public; and she cannot have more than incidental contact with coworkers. These limitations reasonably reflect the symptoms of her medically determinable mental impairments. Tr. 35-36.

In his explanation of the weight given medical opinions, the ALJ specifically noted that Ms. Roberson's assessment of moderate to marked cognitive limitations and moderate to severe social limitations is not supported by clinical findings. Rather, she relied on "personal interview and observation."[2]  Tr. 38. Ms. Roberson is not an acceptable medical source, thus, her opinions may be rejected with specific, "germane" reasons. *Lewis v. Apfel*, 236

---

[2] The ALJ was not obliged to consider mental impairments diagnosed by Ms. Roberson because she is not an acceptable medical source as defined by the Regulations. Therefore she is unqualified to establish a medically determinable impairment. 20 C.F.R. § 416.913(a),(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

F.3d 503, 511 (9th Cir. 2001); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  In addition, the ALJ properly considered Ms. Roberson's long term treatment relationship with Plaintiff as directed in the Commissioner's policy ruling, *SSR* 06-03p, but found her opinions were not supported with clinical findings. Tr. 38.  An ALJ is not required to accept an opinion by any provider that is brief, conclusory, and unsupported by objective evidence. *Bayless v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Consistent with the ALJ's reasoning, review of Ms. Roberson's treatment notes show very few objective observations - rather her notes consist of documenting Plaintiff's subjective complaints or no-shows.  As discussed above, the ALJ's reasons for discounting Plaintiff's self-report are "clear and convincing" and supported by the record.  It was, therefore, not error to give little weight to Ms. Roberson's treatment notes based on subjective report.  The ALJ properly considered the entire record, not just Ms. Roberson's conclusory report, in deciding the weight to give her opinions. His evaluation of Ms. Roberson's opinions in the context of the entire record is legally sufficient.

Regarding the examining psychologist opinions, the ALJ gave Dr. Goodwin's assessment of marked and severe social functional limitations little weight because they were inconsistent with other medical evidence showing her symptoms were controlled with medications.  He also found these limitations were inconsistent with Dr. Goodwin's own notes that her medications were effective. Tr. 38, 649.  These are specific and legitimate reasons to discount Dr. Goodwin's opinion. *See Tommasetti,* 533 F.3d at 1040 (opinion

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

not supported by source's medical records and/or objective data); *Bayliss*, 427 F.3d at 1216. Other evidence in the record shows Plaintiff self-reported doing well, and that she was "overall happy" over the years, and her medication regime was stabilizing her symptoms. *See, e.g.*, Tr. 285, 465, 693-95 (2008 provider observation indicating stress in her life but "overall happy" and "good mood"). The ALJ's properly viewed the entire record in evaluating Dr. Goodwin's opinions and his reasons for discounting severe and marked social limitations are legally sufficient.

Dr. Rowe examined Plaintiff one time in 2007 for state benefits, Tr. 481-89, and in his report summarized her medical and social history (based primarily on self-report). Tr. 481-84, 488. Objective testing administered by Dr. Rowe did not show significant memory impairment or cognitive dysfunction. Tr. 488. He noted she was receiving counseling and medication for her symptoms and commented that she was receiving state assistance and was not likely to return to work in the foreseeable future. Plaintiff contends this statement should have been given more weight. However, the ALJ reasonably interpreted Dr. Rowe's statement as not being a medical opinion or a functional assessment that could be used to assess disability. Tr. 38, 488. He also properly reasoned that the final determination of Plaintiff's ability to work remains the responsibility solely of the ALJ and is based on medical and vocational factors in the entire record, as well as the ALJ's credibility determination. 20 C.F.R. § 416.946(c); *SSR* 96-5p. The ALJ was not obliged to give special significance to Dr. Rowe's speculative opinion regarding Plaintiff's return to work. 20

C.F.R. § 416.927(e).

In sum, the ALJ properly considered all the evidence, including medical and expert vocational testimony in determining Plaintiff still had the capacity to perform past jobs. 20 C.F.R. §§ 416.945, .946. Although Plaintiff may not agree with the final decision, the court may not disturb the Commissioner's conclusions where, as here, they represent a rational interpretation of the record in its entirety. *Tackett*, 180 F.3d at 1098.

## C.   Duty to Develop the Record

Plaintiff argues remand is necessary to develop the record regarding her physical impairments, specifically back pain and obesity, and how those conditions impact her ability to perform physical work.

An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to all for proper evaluation of evidence. 20 C.F.R. § 416.945 (a)(3). *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the ALJ properly discussed medical evidence of physical problems and found Plaintiff's back problems and obesity were not severe impairments that more than minimally restricted her ability to work. Tr. 33. As noted by the ALJ, Plaintiff did not claim physical impairments in her application for benefits. *Id*. At the hearing, Plaintiff's representative stated that the onset of physical problems was recent and there was little to no evidence of physical limitations. Tr. 84-85. Plaintiff points to no ambiguity in the ALJ's summary of the evidence or finding of non-severity.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

In addition, Plaintiff presented imaging reports, physical therapy reports, and progress notes from her physician that are adequate to evaluate Plaintiff's exertional abilities. Imaging shows only mild degenerative disease in the spine and Plaintiff's providers make no findings of significant restriction in her movement. *See* Tr. 666-712. Because Plaintiff makes no showing that her obesity would restrict her in the performance of her past work, the ALJ is not required to seek additional evidence. Plaintiff's claim that the ALJ erred by not further developing the record fails.

**D.   Step Five**

Because the ALJ's evaluation of the evidence is supported by substantial evidence in the record, and his final RFC determination is consistent with that evidence, the ALJ properly relied on vocational expert testimony based on the ALJ's hypothetical individual. No severe physical impairments were established by the medical evidence, and as discussed above, the ALJ was not required to seek additional evidence. The Commissioner's final RFC determination is supported by substantial medical evidence and credible testimony consistent with the evidence and is, therefore, conclusive. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment, **ECF No. 19,** is **DENIED.**

2.   Defendant's Motion for Summary Judgment, **ECF No. 24**, is **GRANTED.**

The District Court Executive is directed to file this Order

and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Defendant**, and the file shall be **CLOSED**.

DATED August 1, 2013.

                S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15